J-S58004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| U.S. BANK NATIONAL ASSOCIATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY PIACENTE, | |
| Appellant | No. 472 MDA 2015 |

Appeal from the Judgment Entered February 3, 2015
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 2013-07192

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 19, 2015**

Appellant, Timothy Piacente, appeals *pro se* from the summary judgment entered in favor of Appellee, U.S. Bank National Association, in this mortgage foreclosure action.  We affirm.

The trial court aptly summarized the relevant procedural history of this case as follows:

> [Appellee] commenced this action by way of Complaint filed on June 18, 2013.  On December 2, 2013, [Appellant], *pro se*, filed his Answer to [Appellee's] Complaint.  In [Appellant's] Answer [he] admitted that he executed the Mortgage dated November [24], 2004 in favor of New Century Mortgage Corporation [(New Century)] but denied that the assignment of said mortgage was valid due to the bankruptcy filing of New Century[].  With respect to the amounts being owed by

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] as alleged in [Appellee's] Complaint, [Appellant] stated "[Appellant] specifically denies each and every allegation. . ." but [Appellant] does not specifically set forth any payment made or an amount which he feels is owed to [Appellee]. In his answer to [Appellee's] Complaint, [Appellant] also specifically denied receiving the Act 6 and Act 91 notices[1] [Appellee] alleges to have sent [Appellant].

[Appellant] raised New Matter and Affirmative Defenses to [Appellee's] Complaint, including but not limited to the assignment of mortgage not being valid; the default interest rate as usurious; [Appellant] not receiving the Act 6 and Act 91 notices[;] and [Appellee] not being the holder of the Promissory Note. [Appellee] attached in its Reply to New Matter, a copy of the recorded Assignment, a true and certified copy of the Note as well as Act 6 and Act 91 notices addressed to [Appellant] at 552 Pardee Street, Hazelton, Pennsylvania as well as 550-552 Pardee Street, Hazelton, Pennsylvania.

(Trial Court Opinion, 5/26/15, at 2-3).

On December 22, 2014, Appellee filed a motion for summary judgment, attaching an affidavit of lost note prepared by the servicer of the loan, JPMorgan Chase Bank, N.A. (JPMorgan Chase). The affidavit attached a copy of the original note and stated that, after a thorough and diligent search of the hard copy file pertaining to the loan, the original note was not located, and the loss was not a result of cancellation or transfer of the note to another party. (**See** Motion for Summary Judgment, 12/22/14, Exhibit A1). Appellant filed a response on January 16, 2015, challenging Appellee's standing to bring this action. On February 3, 2015, the trial court granted

---

[1] **See** 41 P.S. §§ 101-605, 35 P.S. §§ 1680.401(c)-1680.410(c).

Appellee's motion and entered summary judgment. This timely appeal followed.[2]

Appellant raises ten overlapping issues for our review:

1.    Did the [trial court] err in granting summary judgment as Appellee has no 'locus standi' or 'legal standing' in this case?

2.    Did the [trial court] err in finding that there is no genuine issue of material fact in this case?

3.    Did the [trial court] err in finding that the Appellee is the real-party-in-interest to initiate this action?

4.    Did the evidence on record demonstrate that Appellee did not possess the Note at any point of time?

5.    Did the [trial court] err in disregarding the exhibits filed by Appellant?

6.    Did the [trial court] err in relying upon the falsehoods and/or misrepresentations made by Appellee?

7.    Whether the Appellee failed to comply with the notice requirements pursuant to Act 6 of 1974 41 P.S. § 101 *et. seq.* and Act 91 of 1983, 35 P.S. § 1680.401c?

8.    Whether the affidavit of lost Note filed by Appellee is in compliance of the requirements of UCC?

9.    Whether the complaint filed by Appellee is fatally defective?

10.   Whether the Assignment of Mortgage filed by Appellee is null and void or fatally defective?

---

[2] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on March 12, 2015. **See** Pa.R.A.P. 1925(b). The trial court entered an opinion on May 26, 2015. **See** Pa.R.A.P. 1925(a).

(Appellant's Brief, at 4-5).[3]

Our standard of review of an order granting a motion for summary judgment requires us to determine whether the trial court committed an error of law or abused its discretion. ***See Cigna Corp. v. Exec. Risk Indem., Inc.***, 111 A.3d 204, 210 (Pa. Super. 2015).

> [O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. . . . An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence

---

[3] We note that Appellant's *pro se* brief fails to conform to our Rules of Appellate Procedure in several material respects. For example, the statement of the case contains argument, and the statement of the questions involved and argument sections contain issues and discussion that are duplicative in nature. ***See*** Pa.R.A.P. 2116(a), 2117(b), 2119(a). Significantly, Appellant fails to support many of his issues with discussion of pertinent legal authority. ***See*** Pa.R.A.P. 2119(b). Although this Court is willing to construe *pro se* materials liberally, *pro se* litigants must comply with procedural rules. ***See Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005). Although this Court could quash or dismiss this appeal, ***see*** Pa.R.A.P. 2101, in the interest of judicial economy, we will address Appellant's arguments to the extent we can discern them.

that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Bastian v. Sullivan***, 117 A.3d 338, 344 (Pa. Super. 2015) (citation omitted).

We will address Appellant's first, third, fourth, and eighth issues together because they are interrelated. The crux of Appellant's claim is that Appellee lacks standing to bring this action because it does not have possession of the note, and the affidavit of lost note is defective. (***See*** Appellant's Brief, at 12-19, 22-25, 28). He asserts that "the story of the lost note is a fabricated one to make an impression that Appellee is the lawful owner of the note." (***Id.*** at 21, 30). This claim does not merit relief.

Section 3309 of the Pennsylvania Uniform Commercial Code states:[4]

§ 3309. Enforcement of lost, destroyed or stolen instrument

**(a) Enforcement.—**A person not in possession of an instrument is entitled to enforce the instrument if:

(1)   the person was in possession of the instrument and entitled to enforce it when loss of possession occurred;

(2)   the loss of possession was not the result of a transfer by the person or a lawful seizure; and

(3)   the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful

---

[4] This Court has held that a note secured by a mortgage is a negotiable instrument governed by the Pennsylvania Uniform Commercial Code, 13 Pa.C.S.A. §§ 1101-9809. ***See JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1263, 1265 (Pa. Super. 2013).

possession of an unknown person or a person that cannot be found or is not amenable to service of process.

**(b) Proof.—**A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 3308 (relating to proof of signatures and status as holder in due course) applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

13 Pa.C.S.A. § 3309(a), (b).

Here, the trial court determined that Appellee was entitled to enforce the note even though the original hard copy document could not be located. The court explained:

. . . [Appellee] provided an affidavit executed before a notary by an authorized representative of [Appellee, J.P. Morgan Chase,] setting forth the policies and procedures for maintaining original notes. [Appellee] also produced a copy of the Note in question and [Appellant] did not deny executing the Note. Rather, [he] challenges the ability of the original holder of the note to assign it. The [c]ourt finds the Affidavit of Lost Note to be credible. Furthermore, the Note produced by [Appellee] is indorsed in blank, which enables the holder of the instrument to establish standing. . . .

The Affidavit provided by [Appellee] establishes J.P. Morgan Chase Bank, National Association as the servicer of the of the loan and authorized to act on behalf of [Appellee]. [Appellant] failed to produce any evidence to suggest the Affidavit of J.P. Morgan Chase Bank is not accurate. . . .

(Trial Ct. Op., at 5).

After review, we discern no error or abuse of discretion in the trial court's disposition of this issue. Although Appellee was not able to locate

- 6 -

the original note, it produced a copy of the original along with an affidavit of lost note, which the trial court found credible. Appellant's claim does not merit relief.

We next address Appellant's challenge to the validity of the mortgage assignment, which he mentions in his first issue, and then raises again as a separate issue in his tenth claim. (**See** Appellant's Brief, at 12, 16, 30-31). Specifically, Appellant asserts that New Century did not have the right to assign the mortgage to Appellee in January 2012 because it "was declared bankrupt in 2008." (**Id.** at 30; **see id.** at 16, 31). This claim is waived and would not merit relief.

This Court has stated "[w]hen deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. . . . Pa.R.A.P. 2101." **Krauss v. Trane U.S. Inc.**, 104 A.3d 556, 584 (Pa. Super. 2014) (case citation omitted). "[We] will not act as counsel and will not develop arguments on behalf of an appellant." **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted). Here, Appellant fails to support his argument challenging New Century's right to assign the mortgage with citation to, and discussion of, pertinent legal authority. **See** Pa.R.A.P. 2119(a)-(b); (**see**

*also* Appellant's Brief, at 12, 16, 30-31).[5]  Accordingly, Appellant has waived this underdeveloped issue.  *See* Pa.R.A.P. 2101; *Krauss*, *supra* at 584.

Moreover, Appellant's claim that the assignment is invalid lacks record support.  Specifically, Appellant admits that he executed the mortgage in favor of New Century on November 24, 2004.  (*See* Answer, 12/02/13, at 2 ¶ 3).  The mortgage provided that New Century had the right to sell the note, together with the mortgage, without prior notice to him.  (*See* Mortgage, 11/24/04, at 13).  New Century transferred the mortgage to Appellee, and the assignment was recorded on January 31, 2012.  (*See* Assignment recorded 1/31/12, at 1-2).  Thus, the record includes evidence of a valid assignment, and Appellant has failed to support his contention that the assignment is invalid.  Accordingly, Appellant's challenge to the assignment is waived and would not merit relief.

We next address Appellant's second issue, in which he claims that the trial court erred in entering summary judgment based on its determination that there are no genuine issues of material fact.  (*See* Appellant's Brief, at 19-22).  We disagree.

> . . . A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional

_____

[5] Appellant cites non-binding case law, specifically, an unpublished decision from the Hawaii District Court and a Massachusetts trial court decision. (*See* Appellant's Brief, at 16).

discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

\* \* \*

. . . General denials [to averments in a complaint] constitute admissions where . . . specific denials are required. **See** Pa.R.C.P. No. 1029(b). Furthermore, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." **First Wis. Tr. Co. v. Strausser**, . . . 653 A.2d 688, 692 ([Pa.Super.] 1995); **see** Pa.R.C.P. No. 1029(c) Note. . . .

**Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 464-67 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015) (case citation omitted) (determining entry of summary judgment proper where appellant effectively admitted material allegations of complaint with ineffective denials). In a mortgage foreclosure action, "[u]nquestionably, apart from appellee, appellants are the only parties who would have sufficient knowledge on which to base a specific denial." **Strausser**, **supra** at 692 (citation omitted).

Here, after review of the record, we conclude that it belies Appellant's contention that the trial court disregarded issues of material fact. As noted above, Appellant responded to the material portions of Appellee's complaint

with general denials. (*See* Answer, 12/02/13, at 2 ¶¶ 6-7). Although Appellant pled that he "specifically denies" the allegations, he did not provide an alternative accounting of his mortgage payments or explain why the amount sought by Appellee was incorrect. (*See id.*). Therefore, we agree with the trial court that Appellant, in effect, admitted the material allegations of the complaint, and that he failed to set forth specific facts to raise a genuine issue of material fact regarding the default. (*See* Trial Ct. Op., at 4); *see also Gibson, supra* at 464-67. He was not entitled to rest simply on the pleadings. *See Gibson, supra* at 464. Appellant's second issue does not merit relief.

We next address Appellant's fifth and six issues, which assert trial court error in disregarding certain exhibits he submitted, and in "relying upon the falsehoods and/or misrepresentations made by Appellee." (Appellant's Brief, at 26; *see also id.* at 25-27). These claims are waived and lack record support.

First, Appellant's arguments, each spanning a single page, are waived for his failure to support them with citation to, and discussion of, any pertinent legal authority. *See* Pa.R.A.P. 2119(a)-(b), 2101.

Furthermore, with respect to Appellant's claim that the trial court ignored certain exhibits he submitted, the record reflects that the court did consider the exhibits; it simply found them flawed and legally unpersuasive. (*See* Trial Ct. Op., at 7).

Regarding Appellant's claim that the court purportedly relied on Appellee's "falsehoods," he points to Appellee's characterization of his responses in his answer to the complaint as general denials. (Appellant's Brief, at 26; *see also* Answer, 12/02/13, at 2 ¶¶ 6-7). However, as discussed in detail above, we agree with the trial court and Appellee that Appellant's responses to the material allegations of the complaint constitute general denials. Thus, Appellant's fifth and sixth issues are waived and would not merit relief.

In Appellant's seventh issue, he argues that Appellee failed to comply with the foreclosure notice requirements of Act 6 and Act 91. (*See* Appellant's Brief, at 27-28). He claims that "[t]he evidence on record does not contain any document to establish that the Appellee has complied with the notice requirements[.]" (*Id.* at 27). This issue lacks merit.

Specifically, the record shows that Appellee filed copies of the foreclosure notices as exhibits to its reply to Appellant's new matter. (*See* Appellee's Reply to New Matter, 12/30/13, Exhibit C). The address used for the notices was the same as the address Appellant included on his brief in this appeal. (*See id.*). The trial court addressed this issue as follows:

> The documentation provided by [Appellee] with respect to the Act 6 of 1874, 41 P.S. § 101 *et seq.* and Act 91 of 1983, 35 P.S. § 1680.401(c) clearly sets forth the address of [Appellant] and where the notices were sent. There is not any documentation to suggest that [Appellee] did not fulfill its statutory obligations.

(Trial Ct. Op., at 4).

Upon review, we discern no abuse of discretion or error of law in the trial court's disposition of this issue. Appellant's seventh claim does not merit relief.

Finally, in his ninth issue, Appellant claims that the trial court erred in failing to find that Appellee's complaint is fatally defective. (*See* Appellant's Brief, at 29-30). He argues that the complaint is defective because the verification is insufficient, and because Appellee "did not assert the execution of the Note[.]" (*Id.* at 29). This issue is waived for several reasons.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Hence, only claims properly presented in the lower court are preserved for appeal." *Coulter v. Ramsden*, 94 A.3d 1080, 1089 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014). Here, Appellant failed to challenge the verification of the complaint in the trial court. (*See* Answer, 12/02/13, at 1-5; Appellant's Response in Opposition to Motion for Summary Judgment, 1/16/15, at 1-7). Thus, he waived his challenge to the verification for purposes of appeal. *See* Pa.R.A.P. 302(a).

With respect to Appellant's claim that the complaint is defective because Appellee "did not assert the execution of the Note," this argument is waived for his failure to support it with discussion of relevant legal authority. (Appellant's Brief, at 29; *see id.* at 30); *see also* Pa.R.A.P. 2119(a)-(b);

- 12 -

2101.    Instead of engaging in such discussion, Appellant simply reiterates his challenge to Appellee's possession of the note, which we previously addressed in this memorandum.  Appellant's ninth issue is waived.

In sum, we conclude that the trial court did not err or abuse its discretion in granting Appellee's motion for summary judgment.  ***See Cigna Corp.***, ***supra*** at 210.  Accordingly, we affirm the summary judgment entered in the trial court.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2015